UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY L. MUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRM HOLDINGS, LTD., DANIEL G. HICKEY, JR., MARTIN D. RAKOFF, JAMES J. SCARDINO, and DANIEL G. HICKEY, SR.,<br><br>Defendants. | No. 10-cv-00975-RPP |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRETT BRANDES
AND BEVERLY L. MUNTER FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL**

Proposed lead plaintiffs Brett Brandes and Beverly L. Munter (collectively hereinafter, "Movants") respectfully submit this memorandum of law in support of their motion for appointment as lead plaintiff and approval of lead counsel.

## I.  FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of CRM Holdings, Ltd. ("CRM" or the "Company") between December 21, 2005 and November 5, 2008, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are CRM and certain of its officers and/or directors.

CRM provides workers' compensation insurance products, primarily workers' compensation insurance policies and fee-based management and other services to self-insured entities. The Company reinsures some of the primary business underwritten and provides excess workers' compensation coverage for self-insured organizations.

The Complaint alleges, *inter alia*, that throughout the Class Period defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, that: (1) defendants and their affiliates engaged in a fraudulent scheme and course of business to grow membership in eight self-insured groups (the "Trusts") previously administered by Compensation Risk Managers, LLC -- a wholly-owned subsidiary of CRM -- by charging premiums below commercial rates; (2) the membership growth inflated gross trust revenues while reducing net paid premium income to the level that the assets of the Trusts would become insufficient to cover liabilities; (3) defendants and their affiliates disguised the true financial conditions of the Trusts by under-reserving individual claims and utilizing

1

improper actuarial/accounting methods; (4) defendants and their affiliates provided the New York State Workers' Compensation Board ("WCB") with actuarial reports for the Trusts which reflected artificially reduced liabilities; and (5), as a result of the above, the Company was exposed to hundreds of millions of dollars in liabilities related to the underfunding of the Trusts.

On November 5, 2008, CRM reported its financial results for the 2008 fiscal third quarter and announced that during the third quarter the Company had approximately $2.5 million of loss reserve increases that would have otherwise been reflected in the first and second quarter of 2008. On this news, over the following three trading days, shares of CRM declined $0.58, or more than 36%, to close on November 7, 2008 at $1.03 per share, on high volume.

Subsequently, on December 10, 2009, the Company disclosed that the WCB had commenced a lawsuit against CRM's subsidiary, Compensation Risk Managers, alleging, *inter alia*, that CRM, its subsidiaries and certain directors and officers breached fiduciary duties owed to the Trusts, breached contracts between Compensation Risk Managers and the Trusts, engaged in fraudulent activities in administering the Trusts, and that Compensation Risk Managers did not maintain adequate reserve levels for the Trusts because, in doing so, it would have been required to raise member contribution rates, making the Trusts a less financially attractive workers' compensation coverage option to current and potential trust members, thereby decreasing Compensation Risk Managers' revenues.

## II.     PROCEDURAL HISTORY

Plaintiff Beverly L. Munter commenced the instant action on February 5, 2010. That same day, counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service. *See* Declaration of Brian P. Murray In

Support of Motion of Brett Brandes and Beverly L. Munter For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Murray Declaration") at Exhibit A.

Movants bring the instant motion pursuant to the *Munter* complaint and notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the February 5, 2010, notice.

### III.  ARGUMENT

#### A.  Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

3

### 1.     Movant Beverly L. Munter Filed the Complaint

On February 5, 2010, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Beverly L. Munter, a lead plaintiff movant herein, published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of CRM securities that they had until April 6, 2010, to file a motion to be appointed as lead plaintiff.

Movants file the instant motion pursuant to Beverly L. Munter's complaint and published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Murray Declaration, Exhibit B.  Movants therefore satisfy the PSLRA requirement of either filing a complaint or making a motion in response to a published notice.

### 2.     Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).  Exchange Act §21D(a)(3)(B) provides that the most adequate lead plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." The statutory language explicitly provides that a "member or members" of the class or the "person or group of persons" may jointly serve as the "most adequate plaintiff." *Id.*  Thus, according to the plain language of the statute,

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

individual plaintiffs may aggregate their losses in order to serve as the lead plaintiff. *See also In re Oxford,* 182 F.R.D. at 47.

As demonstrated herein, Movants believe that they have the largest known financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movants purchased, in the aggregate, 103,400 shares of CRM stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, Movants have suffered substantial financial losses of $428,459.04. *See* Murray Declaration, Exhibit C. Movants are not aware of any other Class member that has filed a complaint or an application for appointment as lead plaintiff and, consequently, believe that they have the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movants thus satisfy the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3. Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4)

5

>the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 ("'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'") (quoting *Fischler v. Amsouth Bancorporation,* 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)(citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the federal securities laws by disseminating

false and misleading statements concerning the business, operations and prospects of CRM. Movants, like all of the members of the Class, purchased CRM stock at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Movants' interests are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between Movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001). Here, Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that they are "'willing' and able' to 'take an active role in and control the litigation and to protect the interests of absentees.'" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the class. Movants also sustained substantial financial losses from their investments in CRM stock and are, therefore, extremely motivated to pursue the claims in this action. *See* Murray Declaration, Exhibit C.

### 4. Brett Brandes and Beverly L. Munter Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movants are the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses -- in excess of $428,000 -- and believe that they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Brett Brandes and Beverly L. Munter, are presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### B.  The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained Glancy Binkow & Goldberg LLP to pursue this litigation on their behalf, and will retain this firm as plaintiffs' lead counsel, with Murray, Frank & Sailer LLP as liaison counsel, in the event Movants are appointed lead plaintiff. Glancy Binkow &

Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Murray Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) appointing Brett Brandes and Beverly L. Munter as lead plaintiff, (b) approving their selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 6, 2010　　　　　　　　　　**MURRAY, FRANK & SAILER LLP**

By:  /s/Brian P. Murray
Brian P. Murray (BM 9954)
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Movants and Proposed Lead Counsel*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Attorneys for Plaintiff*