UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE CRM HOLDINGS, LTD.                             10 CIV 00975 (RPP)
SECURITIES LITIGATION

**OPINION & ORDER**

------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On September 19, 2010, Brent Brandes, Beverly L. Munter, and B&B Investors LP (collectively, "Plaintiffs"), a proposed class of stockholders in CRM Holdings, Ltd.[1] ("CRM"), filed a Consolidated Amended Complaint against CRM and also against CRM fiduciaries Daniel G. Hickey, Jr., Daniel G. Hickey, Sr., Martin D. Rakoff, and James J. Scardino (collectively, the "Individual Defendants"). (Consol. Am. Compl., ECF No. 16.) The Complaint alleged one cause of action against both the Individual Defendants and CRM under § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78, and two additional Securities Exchange Act claims against the Individual Defendants alone. (Id. ¶¶ 210-32.) Plaintiffs' claims against the Individual Defendants were dismissed by Order of this Court on May 10, 2012. (Dismiss Op. at 54, May 10, 2012, ECF No. 38.) The Court's "decision [wa]s confined to the claims levied against the Individual Defendants" because the action against CRM had been stayed when CRM filed a petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. (Id. at 1.)

Thereafter, Plaintiffs filed a motion for reconsideration pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York, (Mot. for Recons. Pursuant to Local Civil Rule 6.3, ECF No. 39), and also a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, (Mot. for Recons. Pursuant to Fed. R. Civ. P. 59(e), ECF No.

---

[1] CRM has since been renamed "Majestic Capital." For purposes of this Order, however, the company will be referred to as CRM.

1

42).  The Court denied both of these motions in an Opinion dated March 4, 2013.  (Recons. Op. at 18, Mar. 4, 2013, ECF No. 53.)

Plaintiffs now seek to appeal this Court's decision dismissing their claims against the Individual Defendants.  (See Notice of Appeal, June 8, 2012, ECF No. 44.)  Rule 54(b) of the Federal Rules of Civil Procedure makes clear, however, that when an action involves multiple parties, any order or other form of decision, which—as is the case here—"adjudicates fewer than all [of] the claims [against] . . . fewer than all [of] the parties, shall not terminate the action as to any of the claims or parties."  Fed. R. Civ. P. 54(b) (emphasis added); see also 28 U.S.C. § 1291 (conveying jurisdiction on the courts of appeals as to "all final decisions" from the district courts).  Under the Rule, it is "only if [a district court] expressly determines that there is no just reason for delay," that a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties.  Fed. R. Civ. P. 54(b).

The Supreme Court has established that, "in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)); see also Novick v. AXA Network, LLC, 642 F. 3d 304, 311 (2d Cir. 2011) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues.").

Here, Plaintiffs argue that there is no just reason to delay their appeal of the Court's decision to dismiss their claims against the Individual Defendants.  (Revised Mot. for Entry of

Rule 54(b) J., ECF No. 61; see also Mem in Supp. of Rule 54(b) Mot., ECF No. 62.) Individual Defendants oppose Plaintiffs' motion for the issuance of a final judgment, arguing that a Proof of Claim against CRM remains pending in Bankruptcy Court and that this claim is "inherently inseparable" and "inextricably linked" to the § 10(b) claim that Plaintiffs filed against the Individual Defendants and CRM in this Court. (Mem. in Opp'n to Rule 54(b) Mot. at 9, ECF No. 67; see also Decl. of Marjorie E. Sheldon in Opp'n to Rule 54(b) Mot. Ex. A ("Proof of Claim"), May 31, 2013, ECF No. 68.) Individual Defendants contend that, if the Plaintiffs are allowed to appeal this Court's decision to dismiss claims against the Individual Defendants, and if the Bankruptcy Court then decides Plaintiffs' Proof of Claim and the decision is appealed, the Second Circuit will "ultimately [be] force[d] . . . to decide the same issues more than once." (Id. at 2 (internal quotation marks omitted).) Such a result, Individual Defendants argue, would lead to a "piecemeal" appeal process contravening Rule 54(b) and controlling legal precedent. See id. at 7-9 (citing Curtiss-Wright, 446 U.S. at 8, Novick, 642 F. 3d at 311)).

In response, Plaintiffs argue that the concerns raised by the Individual Defendants are moot because Plaintiffs "intend to stipulate" to the withdrawal of their Proof of Claim from Bankruptcy Court. (Reply Mem. in Supp. of Rule 54(b) Mot. at 1, ECF No. 70.) Plaintiffs purport that "counsel for the Liquidating Trustee and Plaintiffs' special bankruptcy counsel have begun the process to draft a stipulation, with a hearing on the matter to be scheduled as soon thereafter as the Bankruptcy Court is available." (Id. at 1-2.) Plaintiffs have not, however, submitted any stipulation showing that their Proof of Claim against CRM is, or will soon be, withdrawn from Bankruptcy Court. Indeed Plaintiffs' papers contain only one stipulation, dated February 15, 2013, which states that "the Liquidating Trustee's Objections to the Claimants' claim [against CRM] . . . is to be adjourned to a date that is convenient for the [Bankruptcy] Court and that is at least sixty (60) days after the date on which the Liquidating Trustee's counsel

3

notifies Claimants' counsel in writing of the Liquidating Trustee's intention to pursue and prosecute the Liquidating Trustee's objections to Claimants' Claim." (Decl. of Lawrence Eagel in Supp. of Rule 54(b) Mot. Ex. A ("Stipulation Adjourning Omnibus Hearing with Respect to Disputed Claim of Securities Class Action Plaintiffs"), May 30, 2013, ECF No. 71.) Thus, as Plaintiffs themselves concede, the only stipulation currently before this Court ensures that Plaintiffs' Proof of Claim against CRM will remain pending in Bankruptcy Court well into the foreseeable future. (See Rule 54(b) Mem. at 5 ("The resolution of Plaintiffs' bankruptcy claim against CRM, already stayed for two years is on hold indefinitely.").)

THEREFORE, in consideration of the strong prescription against the potential for piecemeal appeals discussed in Rule 54(b) and by controlling legal precedent, and in consideration of Plaintiffs' representations that a stipulation withdrawing their Proof of Claim from Bankruptcy Court is forthcoming, this Court DENIES Plaintiffs' Rule 54(b) motion without prejudice to counsel submitting such a motion after the filing of a stipulation withdrawing their bankruptcy claim against CRM.

SO ORDERED.

Dated: New York, New York
June 14, 2013

_____
Robert P. Patterson
U.S.D.J.