USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CRM HOLDINGS, LTD SECURITIES LITIGATION | Case No. 10-cv-00975-RPP |
| This Document Relates to:<br><br>ALL ACTIONS. | Hon. Robert P. Patterson |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

RECEIVED
MAR 11 2015
LORETTA A. PRESKA
CHIEF U.S. DISTRICT JUDGE
S.D.N.Y.

This matter came before the Court for hearing pursuant to an Order of this Court, dated November 18, 2014, (the "Notice Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of August 21, 2014 (the "Stipulation"). Due, proper, and adequate notice having been given of the Settlement as required in said Order and pursuant to Constitutional, rule and statutory requirements, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Stipulation is incorporated by reference in this Judgment, and all capitalized terms used herein shall have the same meanings assigned to them in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class who did not timely file a request for exclusion from the Class by the February 6, 2015 deadline pursuant to the Notice Order.

3. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Lead Plaintiffs are typical of the claims of the Class they represent; (d) the Plaintiffs have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired the securities of CRM Holdings, Ltd. between December 21, 2005 and November 5, 2008, inclusive. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families, any entity in which any Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Exhibit 1 hereto.

5. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notices: (i) provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notices; (ii) constitute due, adequate and sufficient notice to all Persons entitled to receive notice and (iii) fully satisfy the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the Due Process Clause(s) of the United States Constitution, the rules of this Court and any other applicable law.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the

Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the February 6, 2015 deadline, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Class Members, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, the Plaintiffs and each of the Class Members (other than those Persons or entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class) shall conclusively be deemed to have, and by operation of this Judgment shall have, dismissed with prejudice all claims asserted against the Defendants in the Litigation and, by operation of this Judgment, to have: (i) fully, finally and forever released, relinquished and discharged all of the Released Claims (including Unknown Claims) whether or not such Class Member executes and delivers a Proof of Claim and Release form; (ii) covenanted not to sue any of the Released Persons or otherwise to assert, directly or indirectly, any of the Released Claims against any of the Released Persons; and (iii) agreed to be forever barred and enjoined from doing so, in any court of law or equity, or in any other forum.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,

relinquished and discharged the Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. Upon the Effective Date, in accordance with Section 21D(f)(7)(A) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7)(A), each of the Defendants by virtue of this Judgment is fully and finally released and discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, relating to, or arising out of the Released Claims. Accordingly (i) any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any such claim for contribution against any of the Defendants based upon, relating to, or arising out of the Released Claims, and (ii) the Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any Person based upon, relating to, or arising out of the Released Claims.

11. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Subject to applicable law and rules, the Released

Persons may file the Stipulation and/or the Judgment in any other litigation that may be brought against them.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses, including the reimbursement of expenses to Plaintiffs, in the Litigation; and (d) the Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. No Person shall have any claim or cause of action, however denominated, whatsoever against the Defendants, Defendants' Counsel or any of the Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund, and any such claims or causes of action, however denominated, are fully and finally released and discharged.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

18. The Court hereby **GRANTS** Lead Counsel attorneys' fees of ~~33%~~ 20.3% of the Settlement Fund and expenses in an amount of ~~$48,696.69~~ 30,000.00 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Lead Counsel among Plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class. LAP

19. The Court hereby **GRANTS** Lead Plaintiff Brett Brandes reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $2,500.

20. The Court hereby **GRANTS** Lead Plaintiff Beverly L. Munter reimbursement of her reasonable costs and expenses (including lost wages) directly related to her representation of the Class in the amount of $2,500.

21. The Court hereby **GRANTS** Plaintiff B&B Investors, LP reimbursement of its reasonable costs and expenses (including lost wages) directly related to its representation of the Class in the amount of $2,500.

22. The awarded attorneys' fees and expenses, and interest earned thereon, and the awarded costs and expenses of Plaintiffs, shall be paid from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

SO ORDERED

March 30, 2015

Loretta A. Preska

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE